**Jose Julio DE FREITAS, Petitioner,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

**No. 06–70333.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2007.

Filed Nov. 30, 2007.

---

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

James Todd Bennett, Esq., El Cerrito, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Arthur L. Rabin, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Mark C. Walters, Esq., Office of Litigation, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, BYBEE, Circuit Judge, and WU,** District Judge.

### MEMORANDUM ***

The facts and procedural posture of the case are known to the parties, and we do not repeat them here. Petitioner Jose Julio De Freitas seeks review of a final order of removal issued by the Board of Immigration Appeals on December 21, 2005. The BIA determined that Petitioner was deportable pursuant to former section 241(a)(2)(A)(iii) of the INA, 8 U.S.C. § 1231(a)(2)(A)(iii), as an alien convicted of an aggravated felony, and ineligible for a waiver of inadmissibility, pursuant to for-

---

** The Honorable George H. Wu, United States District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

mer section 212(c) of the Immigration and Nationality Act ("INA") ("212(c) relief"), 8 U.S.C. § 1182(c) (1994) (repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") § 304(b), Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996)).

■ Petitioner argues for the first time in these proceedings that the delegate of the Secretary of the Department of Homeland Security, Assistant Chief Counsel Peter S. Vincent, had no authority to file the amended charge of deportability that ultimately rendered Petitioner deportable and without a viable avenue for relief. Because we lack subject matter jurisdiction to reach the merits of a legal claim not properly exhausted in the administrative proceedings below, we dismiss this portion of the petition. 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

■ Petitioner challenges the BIA's determination that although Petitioner still remained eligible for 212(c) relief that he earned in exchange for pleading guilty to burglary in 1993, by 2005, Petitioner was deportable on the basis of felonies committed in 1999 and 2003, for which no 212(c) relief was available. The BIA's ruling was correct. Petitioner's deportation proceedings were commenced on March 3, 1997, and therefore the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") § 440(d), Pub.L. 104–132, 110 Stat. 1214, 1277, which limits eligibility for 212(c) relief, applies to Petitioner.[1] *See* 8 C.F.R. § 1212.3(g). Among the deportation charges that make a person ineligible for 212(c) relief, AEDPA added a charge under former section 241(a)(2)(B)(i) of the INA, 8 U.S.C. § 1251(a)(2)(B)(i). *See* AEDPA § 440(d)(2). DHS lodged an ad-

ditional charge of deportability on exactly this ground in its order to show cause on May 11, 2005, stemming from Petitioner's 1999 and 2003 drug-related convictions. Petitioner is therefore deportable, but ineligible for 212(c) relief, for his 1999 and 2003 convictions. AEDPA § 440(d), 8 C.F.R. § 1212.3(g); *see also* 8 C.F.R. § 1212.3(h)(3) ("Section 212(c) relief is not available with respect to convictions arising from plea agreements made on or after April 1, 1997.").

Thus, although formally Petitioner is still eligible for 212(c) relief earned when he pleaded guilty in 1993, *see* 8 C.F.R. § 1212.3(h)(1), it would be useless to remand for a 212(c) determination because, even if relief were granted with respect to the 1993 conviction, Petitioner would be deportable without eligibility for 212(c) relief based on the 1999 and 2003 convictions.

■ Petitioner's Due Process challenge to AEDPA § 440(d)—and his derivative Due Process, Equal Protection, and *ultra vires* challenges to 8 C.F.R. § 1212.3(g)— fail because nothing in AEDPA § 440(d) or 8 C.F.R. § 1212.3(g) acts to upset Petitioner's "settled expectations" about continued eligibility for 212(c) relief with respect to his 1993 conviction. *Cf. INS v. St. Cyr*, 533 U.S. 289, 321–26, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001). Petitioner's 1999 and 2003 convictions provide independent grounds for deportability for which AEDPA § 440(d) and 8 C.F.R. § 1212.3(g) make 212(c) relief unavailable. Petitioner can not claim that he had a settled expectation that if he pleaded guilty in 1993, not only would he be rewarded with eligibility for 212(c) relief based on that conviction, but he would gain the right to be perma-

---

1. The IRRIRA transitional rules apply to deportation proceedings initiated before April 1, 1997. *Otarola v. INS*, 270 F.3d 1272, 1276 (9th Cir.2001); *see* IRRIRA § 309(c)(4). Petitioner's proceedings commenced on March 3, 1997, and therefore the transitional rules apply. *See Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997).

nently eligible for 212(c) relief even if he later committed additional felonies. *Cf. United States v. Velasco–Medina,* 305 F.3d 839, 850 (9th Cir.2002) (holding that to the extent an alien anticipated the continued availability of § 212(c) relief after entering a guilty plea subsequent to the passage of AEDPA; "his expectations were neither reasonable nor settled under *St. Cyr*"). Therefore, we deny the petition with respect to these claims.

Accordingly, the petition is **DISMISSED** in part and **DENIED** in part.